**SALT WATER SPORTSMAN, INC.**

v.

**B.A.S.S., INC.**

Civ. A. No. 87–1144–Z.

United States District Court,
D. Massachusetts.

June 25, 1987.

Russell F. Conn, Michael R. Gottfried, Burns & Levinson, Boston, Mass., for plaintiff.

James S. Dittmar, Widett, Slater & Goldman, Boston, Mass., Samuel D. Littlepage, Berman, Aisenberg & Platt, Washington, D.C., for defendant.

**ORDER**

ZOBEL, District Judge.

This matter came to be heard on plaintiff's application for a preliminary injunction, and the Court having considered the memoranda, affidavits, and oral arguments of the parties, and the Court having previously issued its findings of fact and conclusions of law, it is hereby ORDERED that the defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Court's Order, are preliminarily enjoined as follows:

1. Defendant is enjoined from publishing, selling, offering for sale, or otherwise distributing its magazine, SOUTHERN OUTDOORS SALTWATER MAGAZINE ("SOSM"), unless (a) the point size (height) of the letters in the words "SOUTHERN OUTDOORS" is at least the point size of the letters in the word "SALTWATER," both on the cover and logo of the magazine and anywhere else the cover or logo is presented or displayed; and unless (b) the letters in all of the words in the title are in same typeface (including weight, italic, shadow, and outline), capitalization scheme, and color, both on the cover and logo of the magazine and anywhere else the cover or logo is presented or displayed.

2. Defendant is enjoined from identifying, naming, calling, advertising, or referring, orally or in print, to SOSM as "SALTWATER" or "SALTWATER MAGAZINE."

3. Defendant is enjoined from identifying or referencing SOSM unless defendant utilizes all of the words in the magazine's title and unless said words are in the same point size, typeface (including weight and italic), capitalization, and color.

4. Defendant is otherwise enjoined from using in connection with the publishing, advertising, sale, or offering for sale of its magazine, SOSM, the designation "SALT WATER" or "SALTWATER" in such a manner as to highlight said designation or give it undue prominence.

IT IS FURTHER ORDERED that defendant shall forthwith destroy all advertis-

ing materials not yet distributed that embody or contain the infringing trademark or logo or which otherwise highlight or give undue prominence to the designation "SALTWATER" or "SALT WATER," and certify under oath no later than July 15, 1987 that all such advertising materials have been destroyed.

Nothing herein shall require defendant to recall any printed publications heretofore distributed nor prohibit the distribution of the August/September 1987 issue of SOSM under the offending title.

Nothing herein shall require defendant to recall any promotional materials heretofore distributed.

This Order shall apply to all promotional materials which have not yet been distributed and to all publications commencing with the October/November 1987 issue of SOSM.

Defendant shall file a report with this Court as to its compliance with this Order, with respect to promotional materials, within thirty days of the entry of the Order; defendant shall file a further report with this Court as to its compliance with this Order, with respect to publications, by September 15, 1987.

This Order is conditioned upon plaintiff's giving security in the sum of $100,000 for the payment of such costs and damages as may be incurred or suffered by defendant or any party who is found to have been wrongfully enjoined, such bond to be approved by the Clerk of the Court no later than July 1, 1987.